UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DONALD HERRICK, ) | |
| ) | |
| Petitioner, ) | CASE NO. C05-1589-JLR-MJB |
| ) | |
| v. ) | REPORT AND |
| ) | RECOMMENDATION |
| DOUG WADDINGTON, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

### I. INTRODUCTION AND SUMMARY CONCLUSION

Pro se petitioner Donald Herrick brings this habeas corpus petition under 28 U.S.C. § 2254, challenging his 1998 felony conviction in King County Superior Court for possession of marijuana with intent to deliver. Respondent filed an answer and response requesting that this Court dismiss Petitioner's habeas petition with prejudice on grounds that Petitioner is no longer in custody for the offense at issue as required under § 2254(a) and because the petition is barred by the statute of limitations as set forth in § 2244(d). Upon review of the record in its entirety, I recommend that the petition be dismissed on the basis of custody. The Court therefore does not need to determine whether Petitioner's action would also be barred by the statute of limitations.

### II. PROCEDURAL HISTORY

On March 11, 1998, Petitioner was convicted of felonious possession with intent to deliver marijuana in violation of the Uniform Substances Act. Wash. Rev. Code § 69.50 (1998);

REPORT AND RECOMMENDATION
PAGE - 1

1 Dkt. #10, Exhibit 2.  Petitioner was sentenced to serve nine months for this offense on August

2 14, 1998.  *Id*. at 3.  His nine-month sentence was to run concurrently to his 125-month sentence

3 for a prior conviction of rape in the first degree.  *Id*. at 3; Dkt. #10 at Exhibit 1.  Petitioner

4 entered an Alford Plea to the possession charge (Dkt. 7, Exhibit 6) and did not file a direct

5 appeal.  The judgement against Petitioner was filed with the clerk of the court on August 17,

6 1998.  Dkt. #10, Exhibit 2.

7     Petitioner initiated a collateral attack against his conviction by filing a Motion to Modify

8 Offense in King County Superior Court on January 25, 2004.  *Id*., Exhibit 4.  The Superior Court

9 transferred Petitioner's motion to the Court of Appeals for consideration as a personal restraint

10 petition.  *Id*., Exhibit 5.  The Court of Appeals dismissed Petitioner's personal restraint petition,

11 finding that it was time-barred under RCW 10.73.090.  Dkt. #10, Exhibit 6.  Petitioner

12 subsequently filed a motion for discretionary review with the Washington State Supreme Court.

13 *Id.*, Exhibit 7.  The Supreme Court denied Petitioner's motion, finding that the Court of Appeals

14 properly dismissed the petition as untimely.  *Id.*, Exhibit 8.

15     On September 2, 2005, Petitioner filed his § 2254 petition for writ of habeas corpus with

16 this Court.  Dkt. #1.  Respondent filed an answer on March 23, 2006 (Dkt. #7), along with

17 relevant portions of the State Court record (Dkt. #10).

18     III.  DISCUSSION

19     Respondent argues that Petitioner's federal habeas petition is untimely because he is no

20 longer in custody for the offense at issue.  Under § 2254(a), a judge "shall entertain an

21 application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment

22 of a State court only on the ground that he is in custody in violation of the Constitution or laws

23 or treaties of the United States."  28 U.S.C. § 2254 (1996).  Generally, when a Petitioner's

24 sentence for a conviction has already expired, the Petitioner is no longer "in custody" for that

25

26 REPORT AND RECOMMENDATION
PAGE - 2

conviction and may not challenge its validity through a § 2254 habeas petition. *E.g., Maleng v. Cook*, 490 U.S. 488, 491 (1989) (acknowledging that the Court has never held that "a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has fully expired at the time his petition is filed"); *Brock v. Weston*, 31 F.3d 887, 889 (9th Cir. 1994). There is an exception to this rule: a habeas petition can be maintained despite the expiration of the convict's sentence if "some concrete and continuing injury . . . some 'collateral consequence' of the conviction" continues to persist. *E.g., Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

The record demonstrates that Petitioner has already served his nine-month sentence for his marijuana possession conviction. Dkt. #10, Exhibit 3. In fact, Petitioner was no longer "in custody" for the possession conviction from the time he was sentenced on August 14, 1998. *Id.* Because Petitioner's "time served" was deducted from his sentence, his nine-month possession sentence was more than 18 days past its expiration when he was sentenced in 1998. *Id.* Petitioner's sentence was therefore expired when he initiated his collateral attack in state court and when he filed his federal habeas petition.

Petitioner is therefore currently incarcerated solely for his rape conviction. *Id.*, Exhibit 1. Petitioner does not claim that his drug conviction is connected to his rape conviction or that it affected his sentence for the rape conviction, and there is no indication that his drug conviction presents any concrete and continuing injury. Therefore, I conclude that the Court should dismiss Petitioner's habeas petition for lack of subject matter jurisdiction because Petitioner is not "in custody" for the conviction he is challenging as required by § 2254, and no exception to this requirement is applicable. *Spencer*, 523 U.S. 1.

## IV. CONCLUSION

For the foregoing reasons, this Court recommends that Petitioner's federal habeas

1 petition be denied and that this action be dismissed with prejudice. A proposed order

2 accompanies this Report and Recommendation.

4 DATED this 21st day of July, 2006.

MONICA J. BENTON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 4